MARC A. PILOTIN
Regional Solicitor
ANDREW SCHULTZ
Counsel for Wage & Hour and ERISA
M. ANA HERMOSILLO (DC Bar No. #1014283)
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
909 First Avenue, Suite 230
Seattle, WA 98104
Telephone: (206)757-6751
Email: Hermosillo.Mary.A@dol.gov
*Attorneys for Plaintiff Lori Chavez-DeRemer,*
*United States Secretary of Labor*

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

LORI CHAVEZ-DEREMER,
Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

COMMERCIAL AIRCRAFT INTERIORS, L.L.C., an administratively dissolved Washington limited liability company,
and COMMERCIAL AIRCRAFT INTERIORS, L.L.C. 401(k) PLAN

Defendants.

Case No. [Case Number]

**COMPLAINT FOR VIOLATIONS OF ERISA**

1. Lori Chavez-DeRemer, the Secretary of Labor for the United States Department of Labor (the “Secretary”), brings this action requesting the Court remove Defendant Commercial Aircraft Interiors, L.L.C. (“CAI”) as fiduciary from the Commercial Aircraft Interiors, L.L.C. 401(k) Plan (“401(k) Plan”) and appoint an independent fiduciary to administer the 401(k) Plan pursuant to the Employee Retirement Income Security Act of 1974 (“ERISA”), 29 U.S.C. §§ 1001-1191c, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of ERISA pursuant to § 502(a)(2) and (5), 28 U.S.C. § 1132(a)(2) and (5).

2. CAI, a Washington limited liability company, sponsored the 401(k) Plan with the purpose of providing retirement benefits to its employees. In addition to its role as the 401(k) Plan’s

sponsor, it was also the Plan Administrator. As Plan Administrator, CAI was responsible for the day-to-day operation of the 401(k) Plan, including making distributions to the 401(k) Plan's participants and beneficiaries. However, CAI is no longer operating and has been administratively dissolved. As such, CAI has abandoned the 401(k) Plan, in violation of ERISA, leaving approximately $260,010.57 (as of January 8, 2026) in retirement benefits trapped in the 401(k) Plan's custodial accounts without any way for the Plan's participants (approximately 59 former CAI employees) to access their retirement funds. In order to remedy CAI's ERISA violations and provide relief to the 401(k) Plan and its participants, an independent fiduciary must be appointed so that 401(k) Plan may be administered, its funds appropriately distributed to participants, and then, terminated.

## JURISDICTION AND VENUE

3. This action arises under ERISA and is brought by the Secretary to obtain relief under ERISA §§ 409 and 502(a)(2) and (5), 29 U.S.C. §§ 1109, 1132(a)(2) and (5), to redress violations and enforce the provisions of Title I of ERISA.

4. The Court has jurisdiction over this action under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1) and under 28 U.S.C. § 1002(3).

5. Pursuant to ERISA § 502(e)(1) the venue for this action lies in the Western District of Washington because the 401(k) Plan was administered in Skagit and King Counties, in the state of Washington, and CAI was a Washington limited liability corporation, headquartered in Burlington, Washington.

## DEFENDANTS

6. The 401(k) Plan is an employee benefit plan set up to provide retirement income within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a). The 401(k) Plan is named as a defendant under Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief can be granted.

7. (a) CAI was incorporated in the state of Washington on July 24, 2001. According to the Secretary of State's website, CAI was administratively dissolved on September 13, 2023. It

was headquartered in Burlington, Washington.

(b) At all relevant times, CAI was, and is, the 401(k) Plan's sponsor, Plan Administrator, and a fiduciary of the 401(k) Plan within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii); *see also,* 29 C.F.R. § 2509.75-8, D-3. CAI was and is a party-in-interest to the 401(k) Plan within the meaning of ERISA §§ 3(14) (A), (C), and (H), 29 U.S.C. §§ 1002(14)(A), (C), and (H).

## FACTUAL ALLEGATIONS

8. Pursuant to the 401(k) Plan's "Basic Plan Document"; Adoption Agreement; Trust Agreement and Summary Plan Description (collectively "Governing Documents") CAI was the named Plan Administrator. Section 11.01 of the Basic Plan Document states that "[t]he Plan Administrator shall be the Plan 'administrator' as such term is defined in section 3(16) of ERISA and as such shall have total and complete discretionary power and authority" over the operation and administration of the 401(k) Plan. CAI, was therefore, a fiduciary of the 401(k) Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and party in interest to the 401(k) Plan within the meaning of ERISA Section 3(14)(A)(C) and (H), 29 U.S.C. §§ 1002(14)(A), (C), and (H).

9. The 401(k) Plan's assets are required to be maintained in a trust. According to the Trust Agreement, Summary Plan Description and Basic Plan Document, L.T. Trust Company was the original trustee.

10. In September of 2021, L.T. Trust Company was acquired by American Trust Company (EIN: 62-0951563), a subsidiary of EdgeCo Holdings, which retained the right to use the L.T. Trust Company's name. Currently, the 401(k) Plan's assets are maintained in American Trust Company's custodial accounts.

11. Section 5.04 of the Trust Agreement states that the "trustee shall pay benefits and expenses from the Trust Fund only upon the written direction of the Plan Administrator."

12. According to the Washington Secretary of State's website, CAI was administratively dissolved on September 13, 2023.

13. In December 2023, the United States Department Labor Employee Benefits Security

Administration ("EBSA") learned that the 401(k) Plan participants were without recourse to access their retirement funds. Attempts to resolve the situation informally proved futile.

14. Thereafter on April 18, 2024, EBSA opened a formal investigation to determine if the 401(k) Plan had been abandoned and if there was a way absent litigation to get the Plan's 401(k)'s retirement funds disbursed to Participants.

15. According to Section 5.02 of the Trust Agreement, only CAI has the authority to designate which individuals may act on its behalf, as Plan Administrator, for the purposes directing the trustee to make distributions. However, the 401(k) Plan's Governing Documents do not name designated individuals.

16. While Charles Pratt ("Mr. Pratt") signed the Adoption Agreement on behalf of CAI on February 24, 2022, none of the Plan's Governing Documents name Mr. Pratt as the individual designated to direct the trustee or as authorized to execute CAI's Plan Administrator duties. EBSA nevertheless contacted Mr. Pratt on multiple occasions to see if he would be willing to sign the paperwork necessary to make distributions and terminate the 401(k) Plan, and he declined to do so.

17. EBSA also contacted American Trust Company to see if would be willing to submit the 401(k) Plan into EBSA's abandoned-plan program, which facilitates the termination of, and distribution of benefits from individual account pension plans that have been abandoned by their sponsoring employer. However, American Trust Company declined to enter the 401(k) Plan into the program.

18. To date, for the reasons stated above, the 401(k) Plan's 59 participants have no way to access their retirement benefits and CAI has abandoned the 401(k) Plan.

**VIOLATIONS**

19. The 401(k) Plan exists without an active named fiduciary with authority to control and manage the operation and administration of the 401(k) Plan, in violation of ERISA Section 402(a), 29 U.S.C. § 1102(a).

20. By the action and conduct described above, CAI, as a fiduciary of the 401(k) Plan:

a. Breached its duty of loyalty in violation of Section 404(a)(1)(A) of ERISA, 29

U.S.C. § 1104(a)(1)(A) by failing to act solely in the interest of the participants and beneficiaries of the 401(k) Plan and for the exclusive purpose of providing benefits to 401(k) Plan's participants and beneficiaries when it failed to administer or manage the 401(k) Plan or take actions necessary for 401(k) Plan participants and beneficiaries to receive their benefits;

b. Breached its duty of prudence in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104 (a)(1)(B) by failing to act with the care, skill, prudence, and diligence that a prudent person would use in administering and managing the 401(k) Plan, including to ensure that the 401(k) Plan participants and beneficiaries received their benefits; and

c. Violated ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D) by failing to act in accordance with the documents and instruments governing the 401(k) Plan, including provisions requiring it to distribute benefits to the 401(k) Plan's participants and beneficiaries and to respond to participant inquiries.

21. As a direct and proximate result of the breaches and violations set forth above, the Secretary is entitled to such equitable or remedial relief as the Court may deem appropriate, including removal of the named fiduciary, pursuant to ERISA § 409, 29 U.S.C. § 1109.

**PRAYER FOR RELIEF**

WHEREFORE, pursuant to ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

a. Removes CAI from its position as Plan Administrator of the 401(k) Plan;

b. Appoint an independent fiduciary with discretionary authority administer the 401(k) Plan to effectuate its termination and the distribution of 401(k) Plan assets to the participants and beneficiaries;

c. Requiring CAI and anyone with access to the records of the 401(k) Plan to make available to the Court-appointed independent fiduciary all 401(k) Plan records and to cooperate with the independent fiduciary when carrying out his or her responsibilities to the 401(k) Plans; and


U. S. DEPT. OF LABOR
909 1st Ave., Suite 230, Seattle WA 98104
206-757-6751

d. Provide such other relief as may be just and equitable.

Respectfully submitted,

Dated: April 13, 2026

JONATHAN BERRY
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

ANDREW SCHULTZ
Counsel for Wage & Hour and ERISA

/s/ Ana Hermosillo
M. Ana Hermosillo, DC Bar No. #1014283
Senior Trial Attorney
Office of the Solicitor
United States Department of Labor
909 1st Ave., Suite 230
Seattle, WA 98104
Phone: 206-757-6751
Email: Hermosillo.Mary.A@dol.gov
*Attorneys for Plaintiff Lori Chavez-DeRemer, United States Secretary of Labor*