UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LORI CHAVEZ-DEREMER,

Plaintiff(s),

v.

COMMERCIAL AIRCRAFT INTERIORS LLC, et al.,

Defendant(s).

CASE NO. C26-1261-KKE

**ORDER GRANTING THE ACTING SECRETARY OF LABOR'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS**

The United States Acting Secretary of Labor (the "Acting Secretary")[1] brought this action requesting that the Court appoint an independent fiduciary Commercial Aircraft Interiors, L.L.C. 401(k) Plan (the "Plan") pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c, and to obtain other equitable relief to redress violations and enforce the provisions of ERISA pursuant to Section 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5). Dkt. No. 1. The Acting Secretary now brings a motion for entry of a default judgment against Defendants Commercial Aircraft Interiors, L.L.C. ("CAI") and the Plan (collectively, "Defendants") pursuant to Fed. R. Civ. P. 55(b)(2) seeking a judgment appointing an independent fiduciary to perform various duties, including distribution of Plan participant's retirement savings from the Plan.[2] Dkt. No. 8.

[1] Acting Secretary Keith E. Sonderling is automatically substituted in for former Acting Secretary Lori Chavez-DeRemer, who resigned effective April 20, 2026. Fed. R. Civ. P. 25(d).

[2] Though the Acting Secretary also requests that this Court retain jurisdiction "for purposes of enforcing compliance with the terms of this Order and Judgment," the Court declines to do so.

Following entry of default, courts are authorized to grant default judgment under Fed. R. Civ. P. 55. In exercising its discretion, the Court may consider the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong public policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except for those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–918 (9th Cir. 1987). After having considered the documents filed in support of the motion, the Complaint, the file in this action, and all other matters presented to the Court, including the discussion of the factors set forth in *Eitel*, 782 F.2d at 1471–72, the Court finds as follows:

1. CAI is the Plan's Administrator and has sole authority to direct the Plan's current trustee American Trust Company, to pay benefits and expenses from the 401(k) Plan's assets held in a custodial account.
2. CAI was dissolved by the State of Washington on September 13, 2023. As such CAI is unable to perform its duties as Plan Administrator.
3. Defendants did not appear or otherwise defend in this action after the Secretary served the Washington Secretary of State a copy of the summons and complaint in this action in compliance with Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(A), and Revised Code of Washington 23.95.450(4).
4. Absent entry of default judgment against Defendants and appointment of an independent fiduciary, the Acting Secretary and Plan participants and beneficiaries would be prejudiced because the Plan's asset custodian has custody of the Plan assets (Plan participants' retirement savings) and refuses to distribute the Plan assets without authorization of the Plan Administrator, which was dissolved.
5. The Acting Secretary has alleged sufficient facts in his complaint, which the Court must accept as true for purposes of establishing liability, to show that CAI violated ERISA. In

particular, CAI failed to determine and pay benefits under the Plan, resulting in participants' and beneficiaries' inability to access plan assets and CAI failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims as required by 29 U.S.C. § 1104(a)(1)(B).

6. The Acting Secretary does not seek a money judgment against Defendants.
7. There is no possibility of a dispute regarding the material facts alleged by the Acting Secretary.
8. Default was not due to excusable neglect. The Acting Secretary properly served Defendants by way of the Washington Secretary of State and did not receive any Response from Defendants. Public records show that the CAI is no longer in operation, which supports a finding that default was not the result of excusable neglect.
9. While public policy generally favors resolution of complaints on the merits, this policy is not absolute and must be weighed against other equities such as prejudice to the plaintiff.

**THEREFORE, IT IS ADJUDGED AND ORDERED THAT:**

1. Defendants violated 29 U.S.C. §§ 1104(a)(1)(A), 1104(a)(1)(B) and 1105(a)(1)-(3) of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

2. AMI Benefit Plan Administrators, Inc. is hereby appointed as independent fiduciary with discretionary authority over the administration and management of the Plan, with all the rights, duties, discretion, and responsibilities of a trustee, fiduciary, and Plan Administrator under ERISA to perform the following duties:

a. The independent fiduciary shall be responsible for marshaling, calculating the account balances, allocating, paying out, distributing, and administering Plan assets for all the assets in the Plan, and taking further action with respect to the Plan as appropriate, and terminating the Plan when all of its assets are distributed to all of the eligible Plan participants and beneficiaries;

b. The independent fiduciary shall, pursuant to the procedures outlined in the Employee Benefits Security Administration's ("EBSA") Field Assistance Bulletin No. 2014-01, exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a distribution under the terms of the Plan;

c. The independent fiduciary shall have full access to all data, information, and calculations in the possession of the Plan and under its control, including information and records maintained by the Defendants, their attorneys, their accountants, and other agents, as well as service providers of the Plan;

d. The independent fiduciary shall comply with all applicable rules and laws;

e. The independent fiduciary has all the rights, duties, discretion and responsibilities of a trustee, fiduciary and Plan Administrator under ERISA, including filing annual and/or final Form 5500;

f. For services performed pursuant to this judgment, the independent fiduciary shall receive compensation not to exceed $9,150.00 for fees and expenses reasonably and necessarily incurred in administrating and terminating the Plan; and

g. The independent fiduciary's fees and expenses shall be paid from the assets of the Plan, or alternatively by the Secretary out of EBSA' s Abandoned Plan Fund, which was established to defray the expenses of the administration and termination of low asset abandoned plans.

Dated this 29th day of September, 2026.

Kymberly K. Evanson
United States District Judge